UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10452-RWZ

SIEMENS INDUSTRY, INC.

v.

EIRE ELECTRICAL CORP.

MEMORANDUM OF DECISION

November 28, 2012

ZOBEL, D.J.

This case against a series of subcontractors arose from damage caused by a boiler malfunction. All claims have settled except for one by fourth-party plaintiff Siemens Industry, Inc. ("Siemens"), against fourth-party defendant Eire Electrical Corp. ("Eire") for defense costs. Siemens has moved for partial summary judgment of liability.

**I.    Legal Standard**

Summary judgment will be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the record in the light most favorable to the nonmoving party, and draw all justifiable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**II.   Analysis**

In 2009, the owner of the Center for Life Science building at Three Blackfan Circle in Boston hired a general contractor to upgrade its boiler system. That general

contractor hired subcontractor J.C. Higgins Corp. ("Higgins"), which in turn hired Siemens Building Technologies, Inc. (now Siemens), which in turn hired Eire to install and wire certain components as part of the boiler system. In 2010, the boiler malfunctioned. The building's insurer, exercising its subrogation rights, brought suit against Higgins as well as other defendants; Higgins impleaded Siemens, which impleaded Eire. The entire action has now settled, except for Siemens' claim against Eire for defense costs.

The contract between Siemens and Eire contained the following defense and indemnification clause, abbreviated to the provisions relevant here:

> Subcontractor [Eire] shall indemnify, defend, and hold Contractor [Siemens] harmless from any and all . . . costs of defense and settlement, arising out of or relating to any and all claims . . . to the extent arising, in whole or in part, out of any . . . improper, substandard, or inadequate performance or non-performance of this Subcontract . . . or . . . any negligent or wrongful act or omission of the Subcontractor . . . .

Siemens contends that this clause requires Eire to defend against any claims where the complaint alleges deficient performance attributable to Eire. Eire, on the other hand, asserts the clause only requires it to defend upon a factual showing that Eire's deficient performance or negligence actually caused the damages at issue. In other words, Siemens believes the contract covers all claims alleged to arise from Eire's mistakes, while Eire believes it covers only harms actually caused by Eire's mistakes.

Siemens' position is correct. The plain language of the contract extends Eire's duty to defend to all "claims" that "aris[e], in whole or in part, out of" deficient performance by Eire. In this context, a "claim" is defined as "[t]he assertion of an existing right" or a "demand for money, property, or a legal remedy to which one

asserts a right." Black's Law Dictionary 264 (8th ed. 2004); see Siebe, Inc. v. Louis M. Gerson Co., 908 N.E.2d 819, 826 (Mass. App. Ct. 2009). An "assertion," in turn, means an "allegation." Black's Law Dictionary 124 (8th ed. 2004); Siebe, 908 N.E.2d at 826. As such, an obligation to defend against all claims requires Eire to defend upon any allegation of deficient performance, not only upon proof of deficient performance.[1]

The Massachusetts Appeals Court reached the same conclusion in a similar recent case. See Siebe, 908 N.E.2d 819.[2] In that case, the court considered a contract requiring a manufacturer to "defend, indemnify and hold harmless [a distributor] . . . against all claims . . . arising out of" breach of the product's warranties. It held that the contract unambiguously required the manufacturer to defend against claims that alleged defects in the products, even if those claims were not proven. Id. at 826-27. The court further concluded that the duty to defend applied even where the underlying complaint did not specifically allege breach of the product's warranties, because the complaint could "reasonably be interpreted" to bring claims "potentially within the coverage of the provisions at issue." Id. at 829.[3]

---

[1] Eire pointed out at oral argument that its duty to defend and its duty to indemnify are contained in the same clause. It argued that because the duty to indemnify requires proof of causation, see Johnson v. Modern Continental Constr. Co., 731 N.E.2d 96, 99 (Mass. App. Ct. 2000), the duty to defend should also require proof of causation. That argument was implicitly rejected in Siebe, and remains unavailing. See 908 N.E.2d at 826 & n.16.

[2] The court in Siebe applied Rhode Island law, which it noted "does not differ in material respect from Massachusetts law." Id. at 824.

[3] The court indicated that this broad test, which it derived from the insurance context, might not apply to some commercial contracts. See id. at 829. However, it found that no special factors existed in the case before it that would make the application of insurance principles inappropriate. Id. Likewise, the parties in this case have not indicated any factors that would distinguish the present dispute from Siebe or

Eire conceded at oral argument that the complaint's allegations implicate its work in installing and wiring certain components of the boiler system. Eire therefore owes Siemens a defense to the extent that the complaint alleges faulty work attributable to Eire.

### III.   Conclusion

Siemens' motion for partial summary judgment (Docket # 138) is ALLOWED.

|  |  |
|---|---|
|    November 28, 2012    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

make the application of insurance principles inappropriate.